IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JIMMY DEWAYNE STANLEY**                                                          **PLAINTIFF**

v.                                  Case No: 4:25-CV-1085-JM

**DOES**                                                                                    **DEFENDANTS**

## ORDER

Plaintiff Jimmy Dewayne Stanley, currently detained in the Drew County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and did not pay the $405 filing fee. (Doc. 1). Under the three-strikes provision of the PLRA, a prisoner cannot proceed with a federal claim *in forma pauperis* if the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Stanley has had three prior civil actions dismissed for failure to state a claim upon which relief may be granted. *See Stanley v. Jefferson Comprehensive Care Clinic, et al*, 4:25-cv-674-JM (E.D. Ark. dismissed July 11, 2025); *Stanley v. Drew Memorial Hospital, et al*, 4:25-cv-00679-BSM (E.D. Ark. dismissed August 1, 2025); *Stanley v. Health-Care Pharmacy*, 4:25-cv-00714-JM (E.D. Ark dismissed August 4, 2025). Stanley nonetheless may proceed *in forma pauperis* if he establishes that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Stanley alleges that he is wrongly jailed

pending trial. (Doc. 1). The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury . . . ." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Nothing in Stanley's complaint indicates that he faces an imminent danger; therefore, that exception does not apply. *Dilworth*, 147 F.3d at 717.

    IT IS THEREFORE ORDERED THAT:

    1.    Stanley's complaint is DISMISSED WITHOUT PREJUDICE. Should he wish to continue this case, Stanley must submit the statutory filing and administrative fees of $405 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

    2.    It is CERTIFIED that an *in forma pauperis* appeal from this order or any judgment entered hereunder would not be taken in good faith.

    IT IS SO ORDERED this 5th day of November, 2025.

    _____
    UNITED STATES DISTRICT JUDGE